IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-MC-00019-BO

UNITED STATES OF AMERICA )
)
)
Petitioner, )
)
v. )
)
NORTH CAROLINA )
DEPARTMENT OF REVENUE )
)
)
Respondent. )

**FILED**
**JUL 03 2025**
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**MEMORANDUM IN SUPPORT OF
PETITION TO ENFORCE
ADMINISTRATIVE SUBPOENA
*DUCES TECUM***

Petitioner, the United States of America, on behalf of the Social Security Administration ("SSA"), Office of the Inspector General ("OIG"), respectfully petitions the Court to issue an order directing Respondent, the North Carolina Department of Revenue ("NCDOR"), to produce records responsive to an administrative subpoena *duces tecum* ("Subpoena") issued by SSA OIG pursuant to 5 U.S.C. § 406(a)(4) as part of a federal investigation into potential violations of 18 U.S.C. §§ 641 & 1001 and 42 U.S.C. § 408(a).

## BACKGROUND

SSA OIG is investigating an allegation concerning unreported work activity by Charles Dishman, a Social Security Disability Insurance Benefits (DIB) beneficiary. Ex. B, Decl. of David Mitnaul ("Mitnaul Decl.") ¶ 5. Specifically, the allegation indicated that Mr. Dishman has been collecting Social Security benefits

1

under Title II since on or about August 2013, with a disability onset date of February 10, 2013, but he has since returned to work and failed to report his employment and income. *Id.* Records publicly available from the North Carolina Secretary of State reflect that Mr. Dishman had been an agent/official of the company Rigged Right Charters, LLC from on or around January 4, 2021, which was not reported to the SSA. *Id.* at ¶ 6. A DIB beneficiary's failure to report wages and work activity violates program rules and may constitute a violation under 18 U.S.C. §§ 641 and 1001 and 42 U.S.C. § 408(a). *Id.* at ¶ 7, 11, 15.

In furtherance of this investigation, SSA OIG issued a Subpoena to NCDOR on December 18, 2024, to compel production of state tax account transcripts, the taxpayer correspondence file, and any other pertinent documents, correspondence, or other records pertaining to Rigged Right Charters, LLC. *Id.* ¶ 10; Ex. A. Such information is expected to evaluate the veracity of the allegation with respect to unreported income and work activity. Ex. B, Mitnaul Dec. ¶ 11, 16. On December 20, 2024, a copy of the Subpoena was delivered to NCDOR via United Parcel Service. *Id.* ¶ 12; Ex. C.

In a letter dated January 24, 2025, NCDOR, through counsel, notified SSA OIG of its objection to producing the subpoenaed records, citing a requirement for a court order pursuant to N.C. Gen. Stat. § 105-259(b)(1) (2024). Ex. B, Mitnaul Dec. ¶ 13; Ex. D. NCDOR's objection did not allege that the Subpoena was too broad, unduly burdensome, improperly served, or outside SSA OIG's authority. Production of the requested records remains outstanding. Ex. B, Mitnaul Dec. ¶ 14.

2

## ARGUMENT

This Court should issue an order directing NCDOR to comply with the Subpoena. First, the Subpoena meets the well-established controlling legal standards that apply to such subpoenas. Second, state law allows for disclosure without need for a court order. Third, and alternatively, to the extent state law requires a court order to compel disclosure, the Inspector General Act of 1978, as amended ("IG Act"), preempts state law.

### I.     The Subpoena Meets the Controlling Legal Standards.

As a general matter, this Court's role in enforcing administrative subpoenas is "sharply limited." *EEOC v. South Carolina Nat'l Bank*, 562 F.2d 329, 332 (4th Cir. 1977); *see also EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995); *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 226 (4th Cir. 2011); *EEOC v. Ranstad*, 685 F.3d 433, 442 (4th Cir. 2012). "Courts should generally enforce administrative subpoenas where, as an initial matter, the administrative agency shows that (1) it is authorized to make such investigation; (2) it has complied with statutory requirements of due process; and (3) the materials requested are relevant." *EEOC v. Am. & Efrid Mills, Inc.*, 964 F.2d 300, 302-03 (4th Cir. 1992); *see also EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995). In this case, SSA OIG has satisfied the controlling legal standards.

### A. SSA OIG Has Authority to Investigate the Allegation.

The IG Act authorizes SSA OIG to "conduct, supervise, and coordinate audits and investigations relating to [SSA's] programs and operations." 5 U.S.C.

3

§§ 404(a)(1), 406(a)(4). Consistent with this authority, the IG Act entrusts SSA OIG to use its investigative and subpoena power to monitor suspected violations of the law regarding the use of Social Security benefits. *See* 5 U.S.C. § 406(a)(4); *see also, e.g., Guglielmi v. Soc. Sec. Admin. Off. Of the Inspector Gen.*, No. 12-cv-00442-DME, 2012 WL 1319477, at *1–2 (D. Colo. Apr. 17, 2012). Such laws include 18 U.S.C. § 641, which prohibits the theft "of any record, voucher, money, or thing of value of the United States;" 18 U.S.C. § 1001, which prohibits materially false statements to the Federal Government; and 42 U.S.C. § 408(a), which includes criminal penalties for various violations of the Social Security Act.

In this instance, SSA OIG reviewed an allegation concerning improper receipt of Social Security benefits by an individual who reportedly engaged in work activity and failed to report his employment and income to SSA. Ex. B, Mitnaul Decl. ¶ 5. A review of records publicly available from the North Carolina Secretary of State provided further evidence of potential work activity consistent with the allegation. *Id.* at ¶ 6. The Subject's actions, if substantiated, directly implicate applicable program regulations requiring reporting of wages and work activity and could result in federal criminal charges under 18 U.S.C. §§ 641 and 1001 and 42 U.S.C. § 408(a). *See, e.g.*, 20 C.F.R. § 404.1588. Therefore, SSA OIG has the clear statutory authority to undertake the investigation giving rise to the Subpoena.

### B. SSA OIG Complied with the Statutory Requirements of Due Process.

The IG Act does not specifically include any procedural requirements associated with subpoenas, nor do any regulations issued by SSA appear applicable.

4

Thus, the due process requirements are provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(a)(5) ("These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings."). Under Federal Rule of Civil Procedure 45(b)(1), a subpoena may be served by "delivering a copy to the named person." SSA OIG served the NCDOR's custodian of records by common carrier on August 19, 2024. Ex. B, Mitnaul Decl. ¶ 12; Ex. C. NCDOR has not communicated an objection on any procedural grounds. Accordingly, SSA OIG has complied with the statutory requirements of due process.

### C. The Subpoena is Reasonably Relevant to the Inspector General's Criminal Investigation.

In evaluating the relevancy requirement, this Circuit "defer[s] to an agency's own appraisal of what is relevant so long as it is not obviously wrong." *Ranstad*, 685 F.3d at 448 (quoting *EEOC v. Lockheed Martin Corp., Aero & Naval Systems*, 116 F.3d 110, 113 (4th Cir. 1997). The Subpoena unambiguously satisfies this *de minimis* standard. This investigation centers on whether the subject accrued income, returned to work, and failed to report earnings and work activity to SSA. Mitnaul Decl. ¶ 5-11, 16. The requested state tax records directly relate to the subject's work activity and earnings, which are outcome determinative factors in evaluating entitlement to DIB. As such, the records are reasonably relevant to the underlying investigation.

5

Case 5:25-mc-00019-BO    Document 2    Filed 07/03/25    Page 5 of 10

## II. North Carolina Authorizes Disclosure by Statute Without Need for a Court Order.

The very statute NCDOR cites as restricting disclosure in fact authorizes disclosure of the subpoenaed records. N.C. Gen. Stat. § 105-259(b)(1) authorizes disclosure of tax information "[t]o comply with a court order, an administrative law judge's order in a contested tax case, or *a law*" (emphasis added). The IG Act is a law that expressly authorizes Inspectors General "to issue subpoenas to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium . . ." 5 U.S.C. § 406(a)(4). Thus, there is no legal impediment to NCDOR producing the subpoenaed documents.

Although the North Carolina judiciary has not had occasion to interpret "a law" within the meaning of N.C. Gen. Stat. § 105-259(b)(1), basic tenets of statutory construction support application to the IG Act. "North Carolina courts are guided by the principle of 'plain meaning' when construing statutes." *Stahle v. CTS Corp.*, 817 F.3d 96, 104 (4th Cir. 2016). The North Carolina Supreme Court has pronounced that "[w]hen the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Diaz v. Div. of Soc. Servs. & Div. of Med. Assistance, N. Carolina Dep't of Health & Hum. Servs.*, 628 S.E.2d 1, 3 (2006). Read in its totality, the applicable statute contemplates the release of tax information in accordance with the laws of jurisdictions outside of North Carolina. *See* N.C. Gen. Stat. § 105-259(b)(3). Accordingly, the plain reading of the statute should authorize disclosure to comply with a federal law, such as the IG Act.

## III. Even if North Carolina Requires a Court Order, the IG Act Preempts the North Carolina Statute.

Assuming *arguendo* that North Carolina law does not allow for disclosure of tax information pursuant to a subpoena issued under the authority of the IG Act absent an accompanying court order, the Supremacy Clause of the United States Constitution requires that North Carolina statutory limitations yield to a competing federal law. U.S. Const. Art. IV, cl. 2. The "Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." *Gonzales v. Raich*, 545 U.S. 1, 29 (2005); *see also, e.g., Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 479–80 (2013) ("it has long been settled that state laws that conflict with federal law are 'without effect.'") (internal citations omitted). Construing N.C. Gen. Stat. § 105-259(b) to prohibit disclosure of tax records absent a court order directly conflicts with the Inspector General's authority conferred by the IG Act and is therefore preempted.

Courts routinely have enforced administrative subpoenas issued under the IG Act despite state law restrictions on disclosure. *See, e.g., U.S. on Behalf of Agency for Int'l Dev. v. First Nat. Bank of Maryland*, 866 F. Supp. 884, 885, 887 (D. Md. 1994) (holding that IG Act preempted Maryland privacy statute requiring notice to bank customers, and thereby ordering enforcement of administrative subpoena issued "pursuant to an official [OIG] investigation ... within the bounds of its duly constituted authority under the Inspector General Act"); *United States v. New York State Dep't of Taxation & Fin.*, 807 F. Supp. 237, 240–41 (N.D.N.Y. 1992) (similarly holding that New York privacy statute, which mandated confidentiality of tax and

wage records, could not be used to avoid compliance with OIG administrative subpoena, as statute conflicted with IG Act and was thus preempted); *United States v. Colorado Dep't of Lab. & Emp., Div. of Workers' Comp.*, No. 123CV01968CNSKAS, 2023 WL 8259047, at *1 (D. Colo. Nov. 29, 2023) (holding that an SSA OIG subpoena preempted a state statute designating worker's compensation records as confidential).[1] Accordingly, the weight of authority requires that the applicable North Carolina statute yield to federal law for purposes of the underlying investigation.

## CONCLUSION AND RELIEF REQUESTED

The Court should grant the United States' enforcement petition. The Inspector General has authority to issue the Subpoena, SSA OIG complied with applicable due process requirements, and the Subpoena is reasonably relevant to a criminal investigation. A plain meaning construction of N.C. Gen. Stat. § 105-259 permits disclosure to comply with the IG Act. Even if a court order were required by state statute, the IG Act preempts competing state law.

WHEREFORE, SSA OIG respectfully requests that the Court issue an order requiring NCDOR to comply with the Subpoena within 30 days.

---

[1] *See also, e.g., U.S. ex rel. Off. of Inspector Gen. v. Philadelphia Hous. Auth.*, No. 10-0205, 2011 WL 382765, at *5 (E.D. Pa. Feb. 4, 2011) (similar, regarding Pennsylvania law restricting collection of social security numbers); *United States v. Machias Sav. Bank*, No. 1:21-MC-00320-LEW, 2022 WL 58660, at *2 (D. Me. Jan. 6, 2022) (similar, regarding Maine law requiring bank customer notification of subpoena and authorization of information release), *report and recommendation adopted sub nom. United States v. Machias Sav. Bank*, No. 1:21-MC-00320-LEW, 2022 WL 204633 (D. Me. Jan. 24, 2022); *U.S. ex rel. Richards v. De Leon Guerrero*, No. MISC. 92-00001, 1992 WL 321010, at *21 (D.N. Mar. I. July 24, 1992) (similar, regarding territorial law on confidentiality of tax returns), *aff'd*, 4 F.3d 749 (9th Cir. 1993); *cf. United States Dep't of Just. v. Ricco Jonas*, No. 18-MC-56-LM, 2018 WL 6718579, at *5 (D.N.H. Nov. 1, 2018) (summarizing cases concluding that state privacy laws were preempted in face of administrative subpoenas issued pursuant to other federal statutes analogous to IG Act).

Respectfully submitted this 3rd day of July, 2025.

                                    DANIEL P. BUBAR
                                    Acting United States Attorney

BY: _____
                                    MATTHEW L. FESAK
                                    Assistant United States Attorney
                                    Deputy Chief, Civil Division
                                    150 Fayetteville Street, Suite 2100
                                    Raleigh, NC  27601
                                    Telephone:  (919) 856-4530
                                    Facsimile:   (919) 856-4821
                                    E-mail: matthew.fesak@usdoj.gov
                                    NC State Bar No. 35276

                                    *Attorney for the United States of America*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Memorandum in Support will be served upon the Respondent at the address below at the time the Petition and Summons are served:

North Carolina Department of Revenue
c/o North Carolina Department of Justice
P.O. Box 58787
Raleigh, NC 27616

DANIEL P. BUBAR
Acting United States Attorney

BY: *(signature)*

MATTHEW L. FESAK
Assistant United States Attorney
Deputy Chief, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: matthew.fesak@usdoj.gov
NC State Bar No. 35276
Attorney for Plaintiff

*Attorney for the United States of America*