IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-MC-00019-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF REVENUE,<br><br>Respondent. | ) | **MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER PURSUANT TO RULE 59(e), OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)** |

NOW COMES Respondent, the North Carolina Department of Revenue ("Department"), by and through undersigned counsel, and respectfully moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for the Court to alter or amend its Order issued in the above captioned case on July 10, 2025 ("Order"), or, in the alternative, for relief from the Order pursuant to Rule 60(b). A copy of the Order is attached hereto as **Exhibit 1**. In support of this Motion, Department shows the Court as follows:

## INTRODUCTION

The Department respectfully moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the Court's July 10, 2025 Order granting the Petition to Enforce Administrative Subpoena *Duces Tecum* ("Petition") filed by the United States ("Petitioner"), or, in the alternative, for relief from the Order pursuant to Rule 60(b). The Order compels production of confidential tax information sought in a subpoena ("Subpoena") issued by the Social Security Administration, Office of Inspector General ("SSA-OIG") pursuant to 5 U.S.C. § 406(a)(4) and, more significantly, adopts legal conclusions that N.C.G.S. § 105-259(b)(1) authorizes disclosure of tax information in response to any subpoena issued under 5 U.S.C. § 406(a)(4) and that the state

statute is preempted by the federal statute. The Department was not served with the Petition or the Petitioner's Memorandum in Support of the Petition ("Petitioner's Memorandum in Support") and had no opportunity to be heard before the Court entered the Order. The Department contests both legal conclusions, which were adopted without adversarial presentation or briefing, and respectfully requests that the Court amend or vacate the Order to remove these conclusions.

## FACTUAL BACKGROUND

1. On December 18, 2024, the SSA-OIG issued the Subpoena upon the Department pursuant to 5 U.S.C. § 406(a)(4) requesting that the Department produce certain tax documents and records related to a North Carolina taxpayer. A copy of the Subpoena is attached to the Petitioner's Memorandum in Support as **Exhibit A**.

2. The documents and information sought in the Subpoena constitute tax information within the meaning of N.C.G.S. § 105-259(a).

3. On January 24, 2025, the Department responded to the Subpoena with a written objection ("Objection Letter"), citing N.C.G.S. § 105-259(b), which prohibits the Department from disclosing tax information absent a statutory exception. See N.C.G.S. § 105-259(b)(1)–(55). Citing to N.C.G.S. § 105-259(b), the Department informed the SSA-OIG that "[t]he most frequently used exception to the tax confidentiality provisions [of section 105-259(b)] is subsection (b)(1) which allows disclosure to comply with a court order, an administrative law judge's order in a contested tax case or a law." A copy of the Objection Letter is attached to the Petitioner's Memorandum in Support as **Exhibit D**.

4. Following that exchange, counsel for the parties engaged in extensive discussions regarding the interaction between 5 U.S.C. § 406(a)(4) and N.C.G.S. § 105-259. The

Department explained that 5 U.S.C. § 406(a)(4) did not qualify as a "law" within the meaning of N.C.G.S. § 105-259(b)(1) requiring disclosure of the confidential tax information and that 5 U.S.C. § 406(a)(4) did not expressly or implicitly preempt N.C.G.S. § 105-259(b).

5. Because the SSA-OIG did not present a court order compelling production and failed to identify any other statutory exceptions as being applicable to the tax information sought in the Subpoena, the Department concluded that it could not comply with the Subpoena based on the plain language of N.C.G.S. § 105-259(b).

6. However, the Department advised that it did not object to the underlying substance of the request, and, based on the prior practice in this Court and in other jurisdictions, recommended that the SSA-OIG file a simple motion, application, or other paper with the Court seeking an order compelling production for the limited purpose of satisfying N.C.G.S. § 105-259(b)(1) (i.e., "to comply with a court order…").

7. SSA-OIG declined to follow that recommendation, stating that it was unduly burdensome to seek a court order in every investigation and, therefore, would instead seek a ruling from this Court finding that N.C.G.S. § 105-259(b)(1) allows for disclosure of tax information in response to *any* subpoena issued pursuant to 5 U.S.C. § 406(a)(2), essentially creating a new exception to section 105-259(b).

8. On July 3, 2025, the Petitioner filed the Petition initiating this action.[1]

---

[1] A similar action, United States v. N.C. Dep't of Revenue, Case No. 5:25-MC-00020-M, is currently pending before the Court. Although that case involves a different taxpayer and different subpoena issued by SSA-OIG, the issues concerning the preemption and interpretation of 5 U.S.C. § 406(a)(4) and N.C.G.S. § 105-259(b) addressed by the Court's ex parte order in that matter are materially indistinguishable from those presented here.

9. Attached to the Petition was a proposed order ("Proposed Order") directing the Department to produce documents requested in the Subpoena and finding that "N.C. Gen. Stat. § 105-259(b)(l) allows for disclosure of tax information in response to an administrative subpoena *duces tecum* issued pursuant to the Inspector General Act of 1978 ("IG Act"), 5 U.S.C. § 406(a)(2), and that the state statute is preempted to the extent it conflicts with the subpoena power conferred upon the Inspector General by the IG Act." (Proposed Order pp 1–2)

10. Neither the Petition nor the Petitioner's Memorandum in Support was served on the Department or its counsel. The Department did not have notice of or an opportunity to be heard on the Petition.

11. On July 10, 2025, prior to SSA-OIG having served the Petition and Petitioner's Memorandum in Support upon the Department and prior to counsel for Petitioner having filed a notice of appearance in this action, the Court entered the Order granting the Petition in its entirety. The Order adopted, verbatim, the Proposed Order submitted with the Petition.

12. The Department does not object to the portion of the Order that compels production of the subpoenaed records. However, like the Proposed Order, the Order further states that "upon review of the petition, the court finds that N.C. Gen. Stat. 105-259(b)(1) allows for disclosure of tax information in response to an administrative subpoena *duces tecum* issued pursuant to the Inspector General Act of 1978 ("IG Act"), 5 USC 406(a)(2), and that the state statute is preempted to the extent it conflicts with the subpoena power conferred upon the Inspector General by the IG Act." (Order p 1)

13. The Department is concerned that such language may be cited in future matters as a binding or persuasive determination regarding the construction and legal effect of 5 U.S.C. §

406(a)(4) and its purported preemption of N.C.G.S. § 105-259(b)(1), even though the Department had no notice of the Petition or Petitioner's Memorandum in Support and had no opportunity to be heard on those legal issues.

## LEGAL STANDARD

### Motion to Alter or Amend the Order under Rule 58(e)

Rule 59(e) authorizes the Court to alter or amend a judgment to correct legal errors or prevent manifest injustice. The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Barefoot v. United States, No. 5:05-CR-166-BO, 2017 WL 3089013, at *1 (E.D.N.C. July 20, 2017) (citing Bogart v. Chappell, 396 F.3d 548, 555 (4th Cir. 2005)). Two of these grounds are relevant here: the need to correct a clear error of law and to prevent manifest injustice.

### Motion for Relief from the Order under Rule 60(b)

Rule 60(b), authorizes the Court to "relieve a party ... from a final judgment, order, or proceeding … (4) [if] the judgment is void; … or (6) [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. White v. Wells, No. 5:16-HC-2188-BO, 2019 WL 12021471, at *1 (E.D.N.C. Apr. 15, 2019) (citing Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings. Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam)). If those three threshold conditions are met, the court

then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Id.

Two subsections are relevant here. First, Rule 60(b)(4) permits relief where the judgment is void, such as when it was entered without proper service, notice or jurisdiction. Second, Rule 60(b)(6) permits relief for "any other reason that justifies" relief which is available in extraordinary circumstances.

## ARGUMENT

The Department is entitled to relief under Rule 59(e), or in the alternative, Rule 60(b) because the Order adopts findings and conclusions directly affecting the Department's legal rights, without the Department ever being served, notified, or heard. This lack of notice and opportunity to be heard constitutes a clear error of law and manifest injustice under Rule 59(e) and renders the Order void within the meaning of Rule 60(b)(4). Additionally, relief is warranted under Rule 60(b)(6) because the Department faces the prospect of binding legal conclusions entered ex parte, without an opportunity to respond, in a matter of substantial legal consequence. These extraordinary circumstances justify amendment to the Order to prevent manifest unfairness and to preserve the integrity of the judicial process. For these reasons, the Department respectfully requests that the Court vacate or amend the Order as set forth herein.

### I. The Court Should Alter or Amend the Order Pursuant to Rule 59(e)

Rule 59(e) permits a court to alter or amend a judgment or order where there has been an intervening change in controlling law, newly discovered evidence, a clear error of law, or manifest injustice. Barefoot, 2017 WL 3089013, at *1. Here, the Department seeks relief based on the latter two grounds: the Court's adoption of significant legal conclusions affecting the Department's

rights, without notice or opportunity to be heard, constitutes both clear legal error and manifest injustice.

The Order adopts, without modification, SSA-OIG's proposed findings that N.C.G.S. § 105-259(b)(1) authorizes disclosure of state tax information in response to a federal subpoena issued under 5 U.S.C. § 406(a)(4), and that state law is preempted by section 406(a)(4). These are not mere administrative determinations; they are substantive legal conclusions regarding state statutory construction, federal preemption, and the Department's confidentiality obligations under North Carolina law. Yet they were reached without notice to the Department or an opportunity to be heard. The Department respectfully disagrees with both conclusions of law and requests that the Court amend the Order to correct these legal errors and prevent manifest injustice.

**(a) N.C.G.S. § 105-259(b) does not authorize disclosure of tax information to comply with a subpoena issued pursuant to 5 U.S.C. § 406(a)(4).**

N.C.G.S. § 105-259(b)(1) allows disclosure of tax information only "[t]o comply with a court order, an administrative law judge's order in a contested tax case, or a law." N.C.G.S. § 105-259(b)(1). However, Petitioner did not seek a court order simply to compel compliance with the Subpoena. See 5 U.S.C. § 406(a)(4) ("[subpoenas issued pursuant to section 406(a)(4)] shall be enforceable by order of any appropriate United States district court"). Instead, Petitioner argued and the Order implicitly provides that a subpoena issued under section 406(a)(4) is itself a "law" requiring disclosure under section 105-259(b).

This interpretation is legally flawed. Section 406(a)(4) authorizes the Inspector General to issue subpoenas in furtherance of federal investigations, but it does not compel disclosure by its own force. See 5 U.S.C. § 406(a)(4) ("each Inspector General, in carrying out the provisions of this chapter, is authorized…to require by subpoena the production of all information,

documents….”). Rather, the statute explicitly states that in the event of contumacy or refusal to obey, the subpoena “shall be enforceable by order of any appropriate United States district court.” 5 U.S.C. § 406(a)(4). This mirrors the structure of Rule 45 of the Federal Rules of Civil Procedure, which similarly allows for subpoena issuance but requires judicial enforcement. See Fed. R. Civ. P. 45(d)(2)(B)(i). Taken together, these provisions confirm that section 406(a)(4) is procedural in nature and not a source of substantive authority overriding state confidentiality laws.

Moreover, the term “law” as used in section 105-259(b)(1) must be read to require a source of legal obligation. A subpoena is a request for documents, not a command enforceable without court intervention. See, e.g., United States v. Golden Valley Electric Ass’n, 689 F.3d 1108, 1116 (9th Cir. 2012) (citing cases); Reich v. Montana Sulphur & Chemical Co., 32 F.3d 440, 443 (9th Cir. 1994) (administrative subpoenas are not self-enforcing because judicial intervention required to enforce) Without an enforceable judicial order or a statute that itself mandates disclosure, the Department is not authorized to release confidential taxpayer information pursuant to N.C.G.S. § 105-259(b). Petitioner’s interpretation would effectively read the “court order” and “law” provisions of section 105-259(b)(1) as interchangeable, rendering portions of the statute surplusage and ignoring well-settled principles of statutory construction.

Because section 406(a)(4) merely authorizes the issuance of subpoenas, establishes a mechanism for seeking judicial enforcement of such subpoena, and does not itself require disclosure, it is not a “law” within the meaning of N.C.G.S. § 105-259(b)(1), and cannot serve as an independent basis for disclosure of confidential tax information under North Carolina law. The Court’s conclusion to the contrary is a clear error of law that warrants amendment of the Order under Rule 59(e). Because the Court adopted a contrary interpretation without the benefit of

briefing or hearing, the Department seeks amendment of the Order to correct these legal conclusions and avoid manifest injustice.

**(b) N.C.G.S. § 105-259(b) is not preempted by 5 U.S.C. § 406(a)(4).**

The Order also provides that N.C.G.S. § 105-259 "is preempted to the extent it conflicts with [5 U.S.C. § 406(a)(4)]." (Order p 1). This conclusion is not supported by the plain language of either statute or by principles of federal preemption.

The Supreme Court has recognized three methods of preemption Congress may use to preempt state laws: express, field, and conflict preemption. English v. Gen. Elec. Co., 496 U.S. 72, 78–79, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990). Express preemption occurs when Congress has made its intent to preempt state authority known through its use of explicit statutory language to that effect. Id. (citations omitted). Field preemption, occurs where Congress occupies the field by regulating so pervasively "as to make reasonable the inference that Congress left no room for the States to supplement it," or where an Act of Congress "touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." Id. (citations omitted). Conflict preemption arises where compliance with both state and federal law is impossible or when a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. (citations omitted).

The Supreme Court has "long presumed that Congress does not cavalierly pre-empt state law." Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996), 116 S. Ct. 2240, 2250, 135 L. Ed. 2d 700 (1996). When Congress legislates in an area the States have traditionally occupied, such as state tax administration and confidentiality, preemption analysis starts "with the assumption that

the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." Id. (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S. Ct. 1146, 1152, 91 L. Ed. 1447 (1947)). Without express preemption, federal law preempts State law only where it "actual[ly] conflict[s] with federal law" and "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Freightliner Corp. v. Myrick, 514 U.S. 280, 287, 115 S.Ct. 1483, 1487, 131 L.Ed. 2d 385 (1995). When the text of a preemption clause is susceptible of more than one plausible reading, Courts must "accept the reading that disfavors preemption." Altria Grp., Inc. v. Good, 555 U.S. 70, 77, 129 S.Ct. 538, 543, 172 L.Ed. 2d 398 (2008).

Here, to the extent the Order rests on a theory of federal preemption, that conclusion lacks support under any recognized doctrine. First, there is no express preemption: nothing in the text of 5 U.S.C. § 406(a)(4) purports to override state confidentiality laws or require state agencies to comply with Inspector General subpoenas. Second, there is no basis for field preemption. Regulation of state tax confidentiality and disclosures has long been an area of traditional state concern, and section 406(a)(4) does not reflect a clear congressional intent to occupy the field. Indeed, it expressly relies on enforcement by district courts, suggesting that Congress expected the normal process of adjudicating disputes between state privilege laws and federal subpoenas to continue. Finally, there is no conflict preemption because it is fully possible for the Department to comply with both laws: it may decline disclosure absent a judicial enforcement order, thereby honoring both the state statute and the federal process contemplated by section 406(a)(4).

Because the Order includes a determination that N.C.G.S. § 105-259 is preempted without affording the Department the opportunity for briefing or adversarial presentation, the Department

respectfully requests that the Court amend the Order to correct these legal errors and prevent manifest injustice.

#### (c) Relief under Rule 59(e) is Necessary to Correct Legal Errors and to Prevent Manifest Injustice

For the reasons set forth above, the Department respectfully submits that the Court should exercise its discretion under Rule 59(e) to alter or amend the Order. While the Department does not object to producing the documents requested in the Subpoena in order to comply with a court order, amendment of the Order is warranted to correct the clear legal errors regarding the interpretation of 5 U.S.C. § 406(a)(4), its relationship to N.C.G.S. § 105-259(b)(1), and the question of federal preemption. Without such amendment, the Department may be bound by findings entered without its participation, resulting in manifest injustice. The Department therefore requests that the Court modify the Order to remove or reconsider the legal conclusions at issue and allow the Department a fair opportunity to be heard on these critical matters.

In the alternative, if the Court declines to amend the Order under Rule 59(e), the Department respectfully seeks relief under Rule 60(b). As explained below, Rule 60(b) provides an independent basis to vacate or modify the Order due to the fundamental procedural deficiencies and legal errors present, including the lack of notice and opportunity to be heard prior to entry of the Order.

## II. In the Alternative, Relief Is Appropriate Under Rule 60(b)(4) and (6).

Rule 60(b) of the Federal Rules of Civil Procedure provides an alternative mechanism for a party to seek relief from a final judgment or order. Relief under Rule 60(b) is appropriate where, as here, the moving party demonstrates (1) timeliness of the motion, (2) a meritorious defense or

claim, and (3) that the opposing party will not be unfairly prejudiced by relief from the order. White, 2019 WL 12021471, at *1 (citations omitted).

Here, the Department filed this motion within a reasonable time, i.e., within twenty-eight days of the Order's entry. Additionally, the Department has a meritorious defense on the merits, as detailed in the preceding section regarding the statutory interpretation of 5 U.S.C. § 406(a)(4) and N.C.G.S. § 105-259(b)(1), as well as the absence of federal preemption. Finally, the SSA-OIG will not be unfairly prejudiced by relief from the Order, as the Department does not contest production of the subpoenaed documents in order to comply with an order of this Court compelling such production.

Having satisfied those threshold concerns, the next issue is whether any of the six enumerated grounds for relief under Rule 60(b) apply. Subsections (b)(4) and (b)(6) are relevant here.

First, Rule 60(b)(4) permits relief where the judgment or order is void, such as when a party is deprived of due process by entry of an order without notice or an opportunity to be heard. Fed. R. Civ. P. 60(b)(4); Erway v. United States Transportation Sec. Admin., No. 5:21-CV-00338-M, 2024 WL 1252331, at *2 (E.D.N.C. Mar. 22, 2024); United States v. Welsh, No. 5:11-HC-2209-D, 2017 WL 7805581, at *3 (E.D.N.C. Mar. 16, 2017), aff'd, 879 F.3d 530 (4th Cir. 2018). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." Fed. Trade Comm'n v. Ross, 74 F.4th 186, 191 (4th Cir. 2023), cert. denied, 144 S. Ct. 693, 217 L. Ed. 2d 389 (2024) (quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010)). A judgment is not void simply because it is or may have been erroneous; rather, "Rule 60(b)(4) applies only in the

rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of the notice or the opportunity to be heard." Espinosa, 559 U.S. at, 271, 130 S. Ct. at 1377.

Relief under Rule 60(b)(4) is warranted here because the Department was denied the opportunity to be heard prior to the Court's entry of the Order, which adopted proposed findings and legal conclusions submitted ex parte by the SSA-OIG. Although the Department does not object to producing the requested documents and does not challenge the substantive validity of the Subpoena, it does object to the Order's legal conclusions concerning N.C.G.S. § 105-259. The Court's determination that state law is preempted and that N.C.G.S. § 105-259(b) permits disclosure in response to a subpoena issued under 5 U.S.C. § 406(a)(4) was reached without any notice to or participation by the Department. This procedural deprivation implicates the "rare instance" of a due process violation contemplated by Espinosa, particularly where the Court entered a dispositive ruling on the scope and validity of state tax confidentiality law without affording the agency charged with administering that law any opportunity to respond.

Second, Rule 60(b)(6) provides that "the court may relieve a party … from a final judgment, order, or proceeding… [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "catchall provision ... allows a court to grant relief for" a limited number of reasons, two of which the Fourth Circuit has recognized. Welsh, 2017 WL 7805581, at *9 (E.D.N.C. Mar. 16, 2017), aff'd, 879 F.3d 530 (4th Cir. 2018) (citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). First, a significant change in the law may justify modifying a judgment under Rule 60(b)(6). Id. Second, a court also may grant relief from a judgment if

"such action is appropriate to accomplish justice" but only under extraordinary circumstances. Id. (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)).

Here, the Department invokes the second recognized basis for relief: that Rule 60(b)(6) relief is necessary to accomplish justice under extraordinary circumstances. The Order resolves a disputed legal question about the scope of a state confidentiality statute and its interaction with federal law, without any notice to, participation by, or briefing from the very state agency whose authority is directly impacted. Although the Department does not oppose the underlying document production, it objects to the manner in which the Court reached dispositive legal conclusions affecting the enforcement of N.C.G.S. § 105-259 and the Department's obligations thereunder. This presents the kind of extraordinary circumstance warranting relief under Rule 60(b)(6): a procedurally irregular order that, if left uncorrected, could impair the Department's ability to administer state law and comply with future federal subpoenas consistent with its statutory duties.

The Department, whose authority and statutory duties were directly at issue, received no notice of the petition and no opportunity to address the legal interpretations of N.C.G.S. § 105-259 or the scope of federal preemption adopted in the Order. While the Department does not object to producing the requested documents, it does object to legal conclusions that bear on the confidentiality protections it is charged with enforcing. Entry of a dispositive order affecting those statutory obligations, without the Department's participation, is the type of extraordinary circumstance that warrants relief under Rule 60(b)(6) to ensure the fair administration of justice and the proper development of law governing the interplay between state tax confidentiality and federal enforcement authority.

## III. Relief Under Rule 59(e) or, in the Alternative, Rule 60(b)(4) and (6) is Appropriate.

In sum, the Department does not seek to undo the underlying document production compelled by the Order but instead requests limited relief to correct the legal conclusions made without its participation. The Order contains clear legal errors regarding the application and preemption of N.C.G.S. § 105-259 and was entered without notice or an opportunity to be heard, raising serious due process concerns. These circumstances present both a manifest injustice under Rule 59(e) and the type of extraordinary situation justifying relief under Rule 60(b)(4) and (6). The Court should therefore amend or set aside the legal conclusions in the Order to ensure the integrity of the judicial process and faithful application of governing law.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court grant its Motion to Alter or Amend the Judgment under Rule 59(e), or in the alternative, grant relief under Rule 60(b)(4) or 60(b)(6), and amend or vacate the Order to correct the legal errors regarding N.C.G.S. § 105-259 and 5 U.S.C. § 406(a)(4).

WHEREFORE, the Department respectfully requests that the Court:

1. Amend the Order to remove its finding that N.C.G.S. § 105-259(b)(1) allows for disclosure of tax information in response to a subpoena issued pursuant to 5 U.S.C. § 406(a)(4);

2. Amend the Order to remove its finding that N.C.G.S. § 105-259(b)(1) is preempted by 5 U.S.C. § 406(a)(4);

3. Grant such other and further relief as the Court deems just and proper.

Dated: August 7, 2025.

JEFF JACKSON
North Carolina Attorney General

s/ Hunter E. Fritz
Hunter E. Fritz
Assistant Attorney General
N.C. Department of Justice
N.C. Bar No. 46040
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6550
Email: hfritz@ncdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-MC-00019-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Petitioner,<br><br>v.<br><br>NORTH CAROLINA<br>DEPARTMENT OF REVENUE<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

Before the Court is the United States' Petition, brought on behalf of the Social Security Administration, Office of the Inspector General, to Enforce Administrative Subpoena *Duces Tecum*. Upon review of the petition, the Court finds that N.C. Gen. Stat. § 105-259(b)(1) allows for disclosure of tax information in response to an administrative subpoena *duces tecum* issued pursuant to the Inspector General Act of 1978 ("IG Act"), 5 U.S.C. § 406(a)(2), and that the state statute is preempted to the extent it conflicts with the subpoena power conferred upon the Inspector General by the IG Act.

IT IS, THEREFORE, **ORDERED** THAT:

1. Petitioner's Petition is **GRANTED**; and

2. Within 30 days of the date of this Order, Respondent shall produce

records responsive to the administrative subpoena *duces tecum* dated December 18, 2024, Re: OI Case No. A25000822, to wit: Taxpayer Correspondence File, State Tax Account Transcript, and Any Other Pertinent Documents, Correspondence, or Other Records Not Previously Mentioned[1] for Rigged Right Charters, LLC for the time period 01/04/2021 through 12/13/2024.

SO ORDERED, this the 10 day of July 2025.

Terrence Boyle
TERRENCE W. BOYLE
United States District Court Judge

[1] To the extent the Respondent cannot produce "State Tax Account Transcripts," the request for "Any other pertinent documents, correspondence, or other records not previously mentioned" includes all available records with tax information on Rigged Right Charters, LLC, in Respondent's possession.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that (s)he is over eighteen (18) years of age, and that the

**MEMORANDUM IN SUPPORT OF**
**MOTION TO ALTER OR AMEND ORDER PURSUANT TO RULE 59(e),**
**OR, IN THE ALTERNATIVE,**
**MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60(b)**

in the above captioned case was this day served upon the below named persons as follows:

By electronic service through CM/ECF:

Matthew L. Fesak
Assistant United States Attorney
*Attorney for Petitioner*

Dated: August 7, 2025

s/ Hunter E. Fritz
PO Box 629
Raleigh, NC 27602-0629